# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY LOCKE,<br>    Plaintiff<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS<br>SCI-DALLAS, *et al.*,<br>    Defendants | :<br>:<br>:   CIVIL NO. 1:CV-12-01524<br>:<br>:   (Judge Rambo)<br>:<br>:<br>:<br>: |

## **M E M O R A N D U M**

Plaintiff Anthony Locke, an inmate currently incarcerated at the State Correctional Institution at Retreat ("SCI-Retreat") in Hunlock Creek, Pennsylvania, commenced this civil rights action by filing a complaint on August 6, 2012, pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 8.) Named as Defendants are several prison officials from Plaintiff's former place of confinement, the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas").[1] In the complaint, Plaintiff claims that Defendants violated his constitutional rights when his legal and personal property were lost. As relief, Plaintiff seeks compensatory and declaratory relief.

Presently before the court is a motion to partially dismiss the amended complaint, filed by Defendants. (Doc. 16.) For the reasons set forth below, the

---

[1] Named as Defendants are Department of Corrections, SCI-Dallas; Corrections Officer Uber; Lieutenant Zielen; Lieutenant Mosier; Sergeant Mushala; Jerome Walsh, SCI-Dallas' Superintendent; and Ms. Lucas, facility grievance coordinator.

motion for partial dismissal of the amended complaint will be granted in part and denied in part, and the remaining Defendants will be directed to answer the remaining portions of the amended complaint.

I.   **Background**

In the amended complaint, Plaintiff provides the following factual background with respect to his claims.[2]  On May 19, 2010, while housed in SCI-Dallas' Restricted Housing Unit ("RHU"), he was instructed by staff to pack and prepare all of his personal and legal property for a transfer to SCI-Graterford.  (Doc. 8 ¶ 11.)  His property, which included three boxes of legal materials, was shipped to SCI-Graterford prior to Plaintiff's transfer.  (*Id*. ¶ 13; Doc. 8 at 18, Ex. C.)  However, Plaintiff's transfer to SCI-Graterford was cancelled.  (Doc. 8 ¶ 12.)

Only two of the three shipped boxes were recovered following attempts to retrieve Plaintiff's property.  (*Id*. ¶¶ 14, 16.)  The missing box contained books and legal transcripts Plaintiff needed for an appeal.  (Doc. 8 at 18, Ex. C.)  Plaintiff was reimbursed for both the postage charged to mail his excess property and the cost of

---

[2] For purposes of disposition of the instant motion to partially dismiss, the factual allegations asserted in the amended complaint will be accepted as true and viewed in a light most favorable to Plaintiff.  *See infra*, Part II.

2

the missing books. (Doc. 8 ¶ 19; Doc. 8 at 18, Ex. C.) SCI-Dallas officials also agreed to reimburse Plaintiff for the cost of the missing transcripts once the cost was determined. (Doc. 8 at 22, Ex. E.) As of the date of Plaintiff's amended complaint, it appears that Plaintiff has not been reimbursed for the cost of the missing transcripts. As a result, Plaintiff now claims that Defendants' actions in losing his property without proper compensation violates his possessory interests protected by the United States Constitution. (Doc. 8 ¶ 25.)

II. **Standard of Review**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case[, because] some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so

undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* In such a case, a defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and all reasonable inferences permitted by the factual allegations contained therein, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), and view them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570) (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief." *Id*. at 664. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for

5

summary judgment" (internal quotation omitted)).  However, the court may not rely on other parts of the record in making its decision.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged.  *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994).  Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient.  *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. Discussion

In order to state a viable Section 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). The defendant's conduct must have a close causal connection to the plaintiff's injury in order for Section 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[3] A prerequisite for a viable civil rights claim is that the defendant directed, or knew of and acquiesced in, the deprivation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). On its face, Section 1983 creates no exceptions to the liability it imposes, nor does it speak of immunity for any individual who might deprive another of civil rights. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993). Nevertheless, it is well-settled that certain government officials possess immunity from Section 1983 liability. *Id*.

---

[3] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285 (internal citations omitted).

In the instant motion, Defendants seek partial dismissal of the amended complaint on the basis that: (1) Plaintiff's claims related to the handling of his grievances should be dismissed because there is no constitutional right to a grievance procedure; (2) Plaintiff's claims against Defendants SCI-Dallas, Lucas, the Facility Grievance Coordinator, and SCI-Dallas Superintendent Walsh should be dismissed for lack of personal involvement; (3) Plaintiff's claim of denial of access to the courts should be dismissed because Plaintiff fails to allege an actual injury; and (4) Plaintiff's claim for money damages against Defendant Walsh in his official capacity should be dismissed because it is barred by the Eleventh Amendment. (*See* Doc. 17.) The court will address these arguments in turn.[4]

### A. Handling of Grievances; Personal Involvement

In the instant motion, Defendants argue that, to the extent that Plaintiff challenges the handling of his grievances related to the loss of his property, he has failed to state a claim. They also argue that Defendants SCI-Dallas, Lucas and Walsh should be dismissed as parties for Plaintiff's failure to state a claim against them.[5]

---

[4] The court will discuss Defendants' arguments (1), (2), and (4) together.

[5] In the instant motion, Defendants argue that Plaintiff's claims against SCI-Dallas should be dismissed because SCI-Dallas does not qualify as a "person" for purposes of section 1983 liability. (Doc. 17 at 7.) In his brief in opposition, Plaintiff asserts, "The fact the name ("SCI-Dallas") appears on [P]laintiff's complaint is to show that all [D]efendant's [sic] involved are

8

With respect to Plaintiff's claim related to the handling of his grievances, the court recognizes that the filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 156-57 (3d Cir. 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to the courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *See Jones v. N.C. Prisoners Labor Union*, 322 U.S. 119, 137-38 (1977); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (citations omitted) (failure of prison officials to process administrative grievances did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer upon prison inmates any substantive constitutional rights. *Hoover v. Watson*, 886 F. Supp. 410, 418-19 (D. Del. 1995). Based on this well-settled law, to the extent that Plaintiff is alleging a claim related to the handling of his grievances, that claim will be dismissed for failure to state a claim.

---

employed at that correctional institution, i[t] was not to indicate that [P]laintiff was nam[ing] the building itself as a [D]efendant." (Doc. 24 at 6.) While the court agrees that SCI-Dallas is not a "person" for purposes of section 1983 liability and therefore should be dismissed, *see Hafer v. Melo*, 502 U.S. 21, 25-27 (1991), Plaintiff clearly indicates that he did not intend to name SCI-Dallas itself as a Defendant in this action. Therefore, SCI-Dallas will be dismissed as a party.

Furthermore, as asserted in this action, the involvement of Defendants Lucas, the Facility Grievance Coordinator, and SCI-Dallas Superintendent Walsh is limited to the review of Plaintiff's grievances. From a review of the amended complaint, it appears that Plaintiff seeks to impose liability against these Defendants based solely of their roles in the administration of his grievances or appeals. Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement. *See Rode*, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); *Croom v. Wagner*, Civ. No. 06-1431, 2006 WL 2619794, *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); *Ramos v. Pa. Dept. of Corr.*, Civ. No. 06-1444, 2006 WL 2129148, *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). Here, because the involvement of Defendants Lucas and

Walsh is limited to their involvement in the grievance procedure, and their review of Plaintiff's grievances or appeals, Plaintiff has failed to establish personal involvement for purposes of Section 1983 liability. Therefore, these Defendants will be dismissed as parties in this action.[6] Because the claims alleged against the remaining Defendants are not entirely premised on their handling of Plaintiff's grievances and complaints, those Defendants shall remain as Defendants in this action solely with respect to those additional allegations.

### B. Access to the Courts

Defendants argue that Plaintiff has failed to state a claim of denial of access to the courts. Upon review, the court disagrees and will allow this claim to proceed.

Indigent prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977). The right of access to the courts has been protected by Supreme Court rulings prohibiting prison officials from actively interfering with or prohibiting attempts by inmates to prepare or file court documents as well as cases requiring the waiver of various administrative fees for indigent defendants. *Lewis*, 518 U.S. at 350. Further, a prisoner's right of

---

[6] Because Defendant Walsh will be dismissed as a party in this action for lack of personal involvement, the court need not address Defendants' argument with respect to Plaintiff's claim against him in his official capacity.

access to the courts guarantees the prisoner a "reasonably adequate opportunity" to directly or collaterally appeal a judgment or sentencing decision, file a habeas petition, and bring claims under Section 1983 alleging violations of the prisoner's constitutional rights, often related to the conditions of the prisoner's incarceration. *See id*. at 354.

Though not explicitly stated in *Bounds*, a claim based on denial of access to the courts requires that the plaintiff show an injury in fact. *Lewis*, 518 U.S. at 351-52. This actual injury component of a denial of access to the courts claim requires the plaintiff to show that the challenged conduct frustrated his ability to pursue an appeal, file a habeas petition, or assert a claim under Section 1983. *See id*. at 351-53.

In their motion to dismiss, Defendants claim that Plaintiff has failed to allege an actual injury, and therefore any access to the courts claim should be dismissed. However, liberally construing the amended complaint and the attached documents integral to Plaintiff's claims, it appears that Plaintiff is claiming that the loss of his legal documents, specifically transcripts related to an appeal of his criminal conviction (*see* Doc. 8 at 18, Ex. C), has frustrated his ability to pursue his appeal. In fact, in a response to Plaintiff's initial grievance, Defendant Zielen cites Plaintiff's appeals, namely CP-51-CT-0715001 and CP-51-CT-1007801. (*Id*.) Further, in his

brief in opposition, Plaintiff asserts, "Plaintiff was in the appellate stage of criminal matter at the time . . . [D]efendant's [sic] los[t] or misplaced his trial transcripts, which he needed/needs to perfect his appeal." (Doc. 24 at 7.) Therefore, at this stage in the litigation, and in light of well-established law, the court will allow this claim to proceed. Accordingly, the motion to dismiss pertaining to Plaintiff's claim for denial of access to the courts will be denied.

**IV.** **Conclusion**

For the reasons set forth above, the Defendants' motion to partially dismiss the amended complaint (Doc. 16) will be granted in part and denied in part. The remaining Defendants will be directed to answer the amended complaint.

An appropriate order will issue.

S/SYLVIA H. RAMBO<br>United States District Judge

Dated: June 12, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY LOCKE,** | : | **CIVIL NO. 1:CV-12-01524** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **DEPARTMENT OF CORRECTIONS SCI-DALLAS,** *et al.*, | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED** that the motion to partially dismiss the amended complaint (Doc. 16) is **GRANTED** in part and **DENIED** in part as follows:

1) The motion to dismiss Defendants SCI-Dallas, Ms. Lucas, and Jerome Walsh as parties to the action is **GRANTED**, and these Defendants are **DISMISSED** with prejudice;

2) The motion to dismiss any claim related to the handling of Plaintiff's administrative grievances is **GRANTED**, and this claim is **DISMISSED** with prejudice; and

3) The motion to dismiss Plaintiff's denial of access to courts claim is **DENIED**.

**IT IS FURTHER ORDERED** that the remaining Defendants are directed to file an answer to the amended complaint within thirty (30) days of the date of this order.

                                          S/SYLVIA H. RAMBO
                                          United States District Judge

Dated: June 12, 2013