IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY LOCKE,** | : | **CIVIL NO. 1:12-CV-01524** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **DEPARTMENT OF CORRECTIONS SCI-DALLAS,** *et al.*, | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

Plaintiff Anthony Locke, an inmate currently confined at the State Correctional Institution at Retreat in Hunlock Creek, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983 with a *pro se* complaint on August 6, 2012, as amended September 5, 2012. (Doc. 8.) On June 12, 2013, this court granted Defendants' motion to partially dismiss the amended complaint with regard to Plaintiff's claims relating to the handling of his administrative grievances. (Doc. 25.) Presently before the court is Defendants' motion for summary judgment on Plaintiff's remaining claims of denial of access to the courts and violation of his property rights. (Doc. 50.) For the reasons stated below, the motion will be granted.

I.   **Background**

The acts giving rise to the complaint occurred while Plaintiff was incarcerated at the State Correctional Institution at Dallas (SCI-Dallas) in Luzerne County, Pennsylvania. (Doc. 8 at 4.) According to Plaintiff, on May 19, 2010, he was told that he was being transferred to the State Correctional Institution at Graterford (SCI-Graterford), and that he should pack his belongings in order to have them shipped there in advance. (*Id.*) The next day, Plaintiff was informed that his transfer was canceled and that he would remain at SCI-Dallas. (*Id.*) Despite the cancellation of his transfer, some of Plaintiff's property was shipped to SCI Graterford. (*Id.* at 18).

On July 27, 2010, Plaintiff filed a grievance form complaining of his missing property. (*Id.* at 13.) On July 29, 2010, Plaintiff was told that they had retrieved his property from SCI-Graterford and was asked to inventory it. (*Id.* at 5.) During this inventory, Plaintiff noticed that only two of his three boxes were present. (*Id.* at 5, 18.) The missing box contained books and legal transcripts Plaintiff needed for an appeal of another case. (*Id.* at 18.) Plaintiff was reimbursed for both the postage charged to mail his excess property and the cost of the missing books. (*Id.* at 6, 18.) SCI-Dallas officials also agreed to reimburse Plaintiff for the cost of the missing transcripts once the cost was determined. (*Id.* at 19; Doc. 53-19 at 2.)

2

Plaintiff initiated this civil rights lawsuit on August 6, 2012, and filed his amended complaint on September 5, 2012. (Docs. 1, 8.) The amended complaint principally alleged that Defendants had violated Plaintiff's possessory interests under the Fourth and Fourteenth Amendments by losing his property and then failing to adequately compensate him. (Doc. 8 at 7–8.) On June 12, 2014, this court granted in part Defendants' motion to dismiss the amended complaint, finding that the complaint did not allege sufficient personal involvement to state a claim against several of the named Defendants and that Plaintiff's claims relating to the mishandling of his grievances were not cognizable in a civil rights action. (Doc. 25.)

Presently before the court is a motion for summary judgment by the remaining Defendants. (Doc. 50.) For the reasons set forth below, the motion will be granted.

## II. Standard of Review

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010). A fact is "material" if proof of its existence or non-existence might affect the outcome of the

suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 256 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that the facts cannot be genuinely disputed by citing to particular parts of materials in the record, *i.e.*, depositions, documents, affidavits, stipulations, or other materials— or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its facts. Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v.*

*Public Service Elec. & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that facts are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its facts.  Fed. R. Civ. P. 56(c)(1).  When determining whether there are any genuine issues of material fact, the court "should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor*."  Lower Merion Sch.*, 729 F.3d at 256.

In reviewing a motion for summary judgment, the court does not make credibility determinations, and "[s]ummary judgment is inappropriate when a case will turn on credibility determinations."  *El v. Southeastern Pa. Transp. Auth.*, 479 F.3d 232 (3d Cir. 2007) (quoting *Horowitz v. Federal Kemper Life Assur. Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995)).

**III.   Analysis**

Defendants base their motion for summary judgment on the following three grounds: 1) Plaintiff failed to exhaust the available administrative remedies; 2) Plaintiff fails to adequately state a claim of violation of his property rights; 3) Plaintiff's access-to-courts claim fails as a matter of law because he offers no evidence that Defendants interfered with his litigation and because he had the assistance of counsel at the time.  (Doc. 53 at 3.)  Because this court finds that Plaintiff's claims are barred for failure to exhaust the available administrative remedies, only that ground will be addressed in this opinion.

**A.   Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), prisoners who wish to bring a civil action alleging that the conditions of their confinement violate federal law must first exhaust all available administrative remedies.  42 U.S.C. § 1997(e).  This requirement is mandatory and not left to the discretion of the district court.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)).  Prisoners must exhaust all available remedies with respect to each claim even when those remedies cannot grant the relief the prisoner seeks.  *Id.*  This requirement is not jurisdictional, but instead operates as an affirmative defense that must be pleaded and

proved by the defendants.  *Ray v. Kertes*, 285 F.3d 287, 291–95 (3d Cir. 2002).  A party can only obtain summary judgment on the ground of an affirmative defense by supporting its motion with evidence "that would entitle [it] to a directed verdict if not controverted at trial."  *In re Bressman*, 327 F.3d 229, 237 (3d Cir. 2003) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986)).  Once the moving party makes this showing, "it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact."  *Id.*

The Pennsylvania Department of Corrections maintains a three-step procedure for the resolution of inmate grievances known by its policy number, DC-ADM 804.  (Doc. 53-5.)  This procedure requires that inmates must resolve any issues with the conditions of their confinement by first submitting a grievance for "Initial Review" to the Facility Grievance Coordinator using an official form "within 15 working days after the event upon which the claim is based."  (*Id.* at 4–5.)  If the Grievance Coordinator's decision is unfavorable, the inmate may appeal the decision to the Facility Manager within ten working days.  (*Id.* at 8.)  If that appeal is unsuccessful, the inmate may then appeal to the Secretary's Office of Inmate Grievances and Appeals for a "final review" within fifteen working days.  (*Id.* at 10.)  After this

appeal, the inmate has exhausted the available administrative remedies. *See, e.g.*, *Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004).

Defendants assert that Plaintiff failed to exhaust the available administrative remedies for two reasons: first, Plaintiff did not list any of the remaining Defendants in the grievances he filed related to his claims; and second, Plaintiff never appealed any of his grievances to the final review stage. (Doc. 53 at 5–8.) This court need not determine whether Plaintiff needed to identify Defendants by name in his grievances to exhaust his administrative remedies[1] because the fact that Plaintiff did not properly appeal his grievances to the final review stage is decisive for Defendants' exhaustion defense.

Plaintiff filed a grievance over his missing property and was eventually informed that they could not locate the missing box and that he would be reimbursed for the lost property. (Docs 53-7, 53-9.) Plaintiff then unsuccessfully attempted to appeal this decision with the Secretary's Office of Inmate Grievances & Appeals, but was informed that he needed to first file an appeal with the Facility Manager before

---

[1] For exhaustion purposes, a Plaintiff in a prisoner civil rights suit does not always need to have named the defendants in his grievances. *See Spruill*, 372 F.3d at 234 (stating that the inclusion of a defendant's name in the grievance is mandatory to the extent it is a "fact relevant to the claim"); *see also Robinson v. Johnson*, 343 F. App'x 778, 781 (3d Cir. 2009) (holding that the plaintiff had exhausted his administrative remedies despite not having named the defendants in his grievances).

proceeding to the final review phase. (Doc. 53-10.) Plaintiff then appealed the initial review decision to the Facility Manager, who upheld the decision. (Docs. 53-11, 53-12.) Curiously, rather than filing a proper appeal with the Secretary's Office, Plaintiff then filed two inmate request forms with the officer in charge of the initial review of his grievance, complaining that SCI-Dallas had not reimbursed him for the full value of his missing property. (Docs. 53-14, 53-15.) Plaintiff then filed a new grievance in which he demanded a larger reimbursement. (Doc. 53-15.) After this grievance was denied, Plaintiff filed additional inmate request forms related to the missing property, but never appealed the denials to the final review stage. (Docs. 53-17, 53-18.)

In order to exhaust the available administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford*, 548 U.S. at 88. Though Plaintiff made use of the inmate grievance system and at one point attempted to file an appeal with the Secretary's Office for final review, he never completed the review process by filing appeals in the proper order. Plaintiff offers no explanation for why he failed to complete the process, and the record contains no indication that the final review step was somehow unavailable to him at the time.

9

Defendants have offered sufficient evidence to establish that Plaintiff failed to exhaust his administrative remedies, and Plaintiff has offered nothing in return to show that there is a triable factual dispute material to this issue.  Thus, this court finds it unnecessary to examine the other grounds raised for summary judgment and will grant summary judgment in favor of Defendants.

## IV.   Conclusion

For the reasons stated above, this court finds that Plaintiff has failed to exhaust the available administrative remedies for the claims raised in the amended complaint, and will grant summary judgment in favor of Defendants on all claims.

An appropriate order will issue.

   s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  March 20, 2015.