IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY LOCKE,** | : | **CIVIL NO. 1:12-1524** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **C.O. UBER,** *et al.*, | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

Before the court is Plaintiff Anthony Locke's motion entitled "For Amendment of Judgment and/or to Alter and Relief from Judgment" (Doc. 72). He brings this motion pursuant to Federal Rules of Civil Procedure 59(c) and 60(b).

Locke, an inmate at a state correctional institution, initiated this civil rights action pursuant to 42 U.S.C. § 1983 by filing a *pro se* complaint (Doc. 1) on August 6, 2012 as amended September 5, 2012 (Doc. 8). On June 12, 2013, this court granted Defendants' motion to partially dismiss the amended complaint with regard to Locke's claims relating to the handling of his administrative grievances. (*See* Doc. 25.) On March 20, 2015, this court granted summary judgment as to the remaining defendants on Locke's claims of a violation of his property rights, and his access to court. Because Locke failed to exhaust all available administrative remedies, by memorandum and order dated March 20, 2015 (Docs. 65 & 66), summary judgment was granted to the remaining defendants. It is this order which Locke seeks to have amended, altered, or set aside.

Locke brings his motion pursuant to Federal Rules of Civil Procedures 59(c) and 60(b). These are improper methods for challenging this court's ruling. Federal Rule of Civil Procedure 59(c) pertains to a motion for a new trial based on affidavits. This is not applicable to this case. Federal Rule of Civil Procedure 60(b)

has six subdivisions. Locke does not state from which subdivision he is seeking relief.

It is this court's opinion that the proper rule to challenge this court's memorandum and order of March 20, 2015 (Docs. 65 & 66) should be by Federal Rule of Civil Procedure 59(e).[1] Locke had 28 days from the filing of the order (Doc. 66). According to his unsigned certificate of service, Locke deposited the document in the mail on April 24, 2015. (*See* Doc. 72 at p. 10.) Pursuant to the federal prisoner "mailbox rule," a document is deemed filed on the date it is given to prison officials for mailing. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (citation omitted). Thus, Locke's motion is untimely as it was placed in the mail more than 28 days after the issuance of the order to which he seeks reconsideration.

To the extent that other legal minds might disagree with this court's finding of untimeliness, the Rule 59(e) motion will be addressed on the merits. A Rule 59(e) motion is a motion of limited utility. It is used correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

---

[1]"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* litigant and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

In essence, Locke argues that the DC ADM-804 policy has failed or is inadequate to ensure remedies to exhaust caused by circumstance out of an inmate's immediate control. His argument is difficult to fathom. However, the opinions of this court (Docs. 25 and 66) addressed Locke's complaint concerning administrative remedies.

A motion for reconsideration cannot be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

The issues raised in the motion for reconsideration are issues that could have been raised in response to both motions for summary judgment. Thus, the motion for reconsideration will be denied. An appropriate order will be issued.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: August 20, 2015.